IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-01644 |
| **MEGALOMEDIA, INC., MEGALOMEDIA STUDIOS, LLC, MEGALOMEDIA, LLC, MANSFIELD FILMS, LLC, and DBA HOLDINGS, LLC** | § § § § § § § | |
| Defendants. | § | |

**PHILADELPHIA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
DEFENDANTS' COUNTERCLAIMS**

**I.    Megalomedia Ignores Its Duty to Read the Policy**

To avoid having pleaded itself directly into a time-barred claim, Megalomedia asserts the discovery rule and fraudulent concealment exceptions. (Mot. Dism. Resp. 4, ECF No. 52.) However, as stated in Philadelphia's Motion to Dismiss (ECF No. 51, at 6) neither the discovery nor fraudulent concealment exceptions apply to this case. The discovery rule is "a very limited exception" to the statute of limitations and it applied only in "exceptional cases". *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 311 (5th Cir. 2019). The discovery exception applies if "(1) the nature of the injury incurred is inherently undiscoverable and (2) the evidence of injury is objectively verifiable." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). The fraudulent concealment exception has a similar effect: The accrual of the claim is tolled until the fraud is discovered or could have been discovered with reasonable diligence. *Hunton v. Guardian Life Ins. Co. of Am.*, 243 F. Supp. 2d 686,

699 (S.D. Tex. 2002), aff'd, 71 Fed. Appx. 441 (5th Cir. 2003); *see also Matter of Placid Oil Co.*, 932 F.2d 394, 399 (5th Cir. 1991).

The reason the discovery and fraudulent concealment exceptions do not apply here is because Megalomedia has an affirmative duty to read its policy and is charged with the knowledge of its contents.[1] This means that Megalomedia is charged with knowledge of the unambiguous reality TV exclusion the day it appeared in the policy.[2] This simple rule, applied to the Court's previous ruling that the reality TV exclusion is not ambiguous and has only one reasonable interpretation, means that Megalomedia was on notice that claims such as those asserted in the underlying litigation were not covered in June 2011. (ECF No. 32, at 13; Am. Countercl. ¶ 24, ECF No. 50.) In other words, because Megalomedia is charged with knowledge of the reality TV exclusion, and the exclusion has only one reasonable meaning, Megalomedia knew on June 3, 2011 that claims like the underlying claims were not covered. While Megalomedia cites several cases establishing the basic law of the discovery rule, its Response never explains why the discovery or fraudulent concealment exceptions should be applied in light of its duty to read the policy. In fact, Megalomedia never addresses its duty to read at all.

## II.  The Discovery and Fraudulent Concealment Exceptions Do Not Apply

As set out in the Motion to Dismiss, numerous courts in every Texas federal district have relied on an insured's duty to read its policy to hold that that the discovery and/or fraudulent

---

[1] *Morris Cty. Nat. Bank v. John Deere Ins. Co.*, 254 F.3d 538, 541 (5th Cir. 2001); *Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994), *aff'd*, 66 F.3d 319 (5th Cir. 1995)); *Centennial Mut. Life Ass'n v. Parham*, 80 Tex. 518, 525 (1891).
[2] In fact, the Court already held that Megalomedia "had full notice of this amendment as early as June 3, 2011, which is when the amendment went into effect." (ECF No. 32, at 13.)

concealment exception do not apply in this context.³ Nowhere in Megalomedia's Response does it provide a factual or legal basis to challenge this longstanding legal concept.

In *Khoei*, the court held: "Misrepresentation claims accrue when the policy is issued because the insured has a duty to read the policy and is responsible for understanding the policy's terms and conditions." *Khoei*, 2014 WL 585399, at *7. In *Hunton* the court held that the alleged misrepresentations were not inherently undiscoverable because "even a cursory review of the Policy and Application informs Plaintiffs that Friedman's oral representations did not accurately reflect the written Policy." *Hunton*, 243 F. Supp. 2d at 699. In *Adaptive Modifications*, the court held that "the discovery rule cannot apply" because "the insured has a duty to read his [or her] insurance policy and is bound by its terms even if they were not fully explained." *Adaptive Modifications*, 2019 WL 1904680, at *5 (cleaned up). In *Kreit*, the court refused to apply the discovery or fraudulent concealment exceptions because the absence of a "right to consent" clause, the coverage issue before the court, "was fully apparent and easily discoverable by reading the Policy itself." *Kreit*, 2006 WL 322587, at *3. In *Arizpe*, the court held that the discovery exception did not apply because "[m]isrepresentation claims accrue when the policy is issued because the insured has a duty to read the policy and is responsible for understanding the policy's terms and conditions." *Arizpe*, 398 F. Supp. 3d at 59 (quoting *Khoei*, 2014 WL 585399, at *7). This Court should therefore apply the same basic concepts and dismiss the amended counterclaims with prejudice.

Megalomedia's attempt to distinguish *Hunton* fall flat. The fact that *Hunton* was decided under a summary judgment standard does not change the basic law on which it was decided or give

---

³ *Hunton*, 243 F. Supp. 2d at 704; *Arizpe v. Principal Life Ins. Co.*, 398 F. Supp. 3d 27, 59-60 (N.D. Tex. 2019); *Adaptive Modifications, LLC v. Atl. Cas. Ins. Co.*, No. 4:18-CV-00864, 2019 WL 1904680, at *6 (E.D. Tex. Apr. 29, 2019); *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 748 (W.D. Tex. 2015); *Khoei v. Stonebridge Life Ins. Co.*, No. CIV.A. H-13-2181, 2014 WL 585399, at *7 (S.D. Tex. Feb. 14, 2014); *Kreit v. St. Paul Fire & Marine Ins. Co.*, NO. CIV.A.H-04-1600, 2006 WL 322587, at *4 (S.D. Tex. Feb. 10, 2006).

this Court reason not to apply the same law. The Amended Counterclaim specifically alleges that Megalomedia received the unambiguous reality TV exclusion in June 2011. (ECF No. 50 ¶ 54.) Just as in *Hunton*, Megalomedia was on notice of the unambiguous reality TV exclusion when it received it, due to its duty to read and understand its policy. Nor can Megalomedia meaningfully distinguish *Khoei*. First, the concept that this case is about "how subjective language in the policies would be and was being *applied*," is simply not true. (Resp. 6 n.1.) The only policy language that has ever been, or is now, at issue is the reality TV exclusion that this Court already held is unambiguous as a matter of law.[4] (ECF No. 32, at 13.) This means it is not "subjective" as a matter of law; its meaning is definite. Further, despite Megalomedia's unsupported claim that Philadelphia made ongoing misrepresentations over time, the latest representation that appears anywhere in the Amended Counterclaim is in 2013. (Am. Countercl. ¶ 31, ECF No. 50.)[5]

Importantly, facts of *Khoei* line up remarkably with the facts of this case. In both cases, the insureds alleged misrepresentations regarding policy coverage. *Compare Khoei*, 2014 WL 585399, at *7 *with* Am. Countercl. ¶¶ 61, 66. In both pleadings the factual allegations that made it evident on the face of the pleading that the claims were time barred. *Compare Khoei*, 2014 WL 585399, at *1 (alleging receipt of the policy in 1992 or 1993) *with* Am. Countercl. ¶ 24 (alleging receipt of policy with reality TV exclusion in 2011). In both cases, the courts held that the policy terms at issue were unambiguous and did not cover the claims at issue. *Compare Khoei*, 2014 WL 585399, at *6 with ECF No. 32 (order granting Philadelphia's Motion for Summary Judgment). And, finally, in both cases, the insurer moved to dismiss the claims under Rule 12(b)(6) based on limitations because of the basic premise that an insured is on notice of unambiguous terms of the policy when she receives

---

[4] Any of allegation that the reality TV exclusion is ambiguous/subjective or questions about how it applies to Megalomedia's productions cannot form the basis of a plausible claim because the Court has already held that the exclusion is not ambiguous. *See* Resp. 6 n.1, 7 n., ECF No. 52.
[5] *See also* Mot. Dism. 12-16 (identifying every alleged representation in Amended Counterclaim).

it. *Compare Khoei*, 2014 WL 585399, at *6 *with* Mot. Dism. 4-9. In *Khoei*, the court applied these principles and dismissed the claims. *Khoei*, 2014 WL 585399, at *7. This Court should do the same.

Even if the Court were to examine whether the discovery or fraudulent concealment exceptions apply in the absence of the litany of cases directly on point, the analysis is simple. Both the discovery exception and the fraudulent concealment exception toll accrual of the claim until the fraud is discovered or **until it could have been discovered by exercising "reasonable diligence."** *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 736 (Tex. 2001); *Placid Oil Co.*, 932 F.2d at 399. Here, given Megalomedia's duty to read and understand the policy,[6] it should have discovered that claims arising out of reality TV shows were not covered in June 2011. (ECF No. 50 ¶ 24.) Therefore, its misrepresentation causes of action accrued in June 2011 and were long expired when it filed its counterclaims earlier this year.

### III. *Gallier* Does Not Cure Megalomedia's Failure to Read its Policy

Megalomedia's reliance on *Gallier* is misplaced. 171 F. Supp. 3d 552, 564 (S.D. Tex. 2016). While Megalomedia refers to this case as one in the "insurance context," it involves annuities that were supposed to return consistent monthly income. *Id.* at 558-60. The injuries alleged were not related coverage under an insurance policy, as Megalomedia's are here, but the value of the investments as evidenced by the quarterly statements. *Id.* Further, the court discussed the discovery and fraudulent concealment exceptions in the context of the plaintiffs' negligence, negligent misrepresentation, and breach of contract claims. *Id.* at 564-67. *Gallier* court explains the fraud "statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence," and Megalomedia quotes this exact sentence. Resp. 5 (quoting *Gallier*, 171 F. Supp. 3d at 563.) Yet Megalomedia completely ignores

---

[6] *E.g., Morris Cty. Nat. Bank*, 254 F.3d at 541.

the last half of the sentence, as if it is not part of the hornbook law on the subject. In short, *Gallier* does cure the issue that is fatal to Megalomedia's position — that an insured has a duty to read and understand the insurance policy issued to it and is charged with knowledge of its contents.

## IV.     Philadelphia's Denials are Not Evidence of Anything

With each passing pleading, a seemingly larger part of Megalomedia's case relies on misconstruing Philadelphia's denials of two requests for admission that were served and answered when this case only Philadelphia's duty to defend Megalomedia. *See* Am. Countercl. ¶ 45, ECF No. 52; Resp. to Mot. Dism. 8, 14, 18. The requests asked Philadelphia to "Admit that Philadelphia provided commercial general liability coverage under the Primary Policies for some of Megalomedia's Listed Productions" and "Admit that Philadelphia provided commercial general liability coverage under the Primary Policies for some of Megalomedia's Productions." Am. Countercl. ¶ 45. Philadelphia denied both. *Id.* Megalomedia misconstrues these denials, twisting them into an admission that Philadelphia never provided any general liability coverage to Megalomedia over the last 10 years.[7] Am. Countercl. ¶ 46; Resp. to Mot. Dism. 8. This is misleading nonsense.

Under Rule 36, "a matter *admitted* is conclusively established." Fed. R. Civ. P. 36(b). However, a denial to a request for admission has no effect, and it is not evidence of any fact.[8] Denying a poorly worded request for admission is not evidence of anything, especially of something the request

---

[7] Because Megalomedia has attempted to misconstrue these responses, Philadelphia plans to provide supplemental responses that clarify the reason for its denials.
[8] *Johnson v. PNC Bank, N.A.*, No. 5-20-CV-00245-FB-RBF, 2021 WL 3145662, at *5 n.4 (W.D. Tex. July 26, 2021); *see also Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 805 (3d Cir. 1992) (". . .a denial of a Rule 36 request for admission simply leaves the denied proposition in dispute for trial."); *Ortiz v. Circle K Stores, Inc.*, 8:15-CV-1441-T-27TBM, 2015 WL 12861165, at *2 (M.D. Fla. Nov. 4, 2015) (same) (citation omitted)); *Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1226 (N.D. Ala. 2012); (". . .the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute."); *In re Agriprocessors, Inc.*, No. ADV 10-09170, 2013 WL 1332428, at *6 (Bankr. N.D. Iowa Mar. 28, 2013) ("Unlike admissions, denials of requests for admissions do not have conclusive effect."); *accord Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (per curiam).

does not ask. Philadelphia denied these requests because, as worded, admitting them would be an admission of coverage for *any claim* relating to Megalomedia productions. This is not the case. The Philadelphia GL policies insure, subject to their terms, Megalomedia's liability to third parties. If a claim is presented to Philadelphia that is within the coverage terms of the policies, that claim will be covered. The only claim Megalomedia ever been presented to Philadelphia were those related to the My 600-Pound Life underlying litigation, which this Court held were not covered as a matter of law. Philadelphia has never contended that the policies provide no coverage for any claim. Using those admissions to jump to this conclusion is misleading, and not appropriate under the Federal Rules of Civil Procedure. Because they are not evidence of anything, they cannot for the basis for Megalomedia's claims, and therefore do not help Megalomedia adequately plead any claim.

V.     **Megalomedia Has Not Pleaded Plausible Claims**

Megalomedia has pleaded three representations that satisfy the *specificity* requirement of Rule 9(b). (ECF No. 50 ¶¶ 21, 22, 27.) Merely complying with Rule 9(b)'s specificity requirement does not mean, however, that the Amended Counterclaim survives a Rule 12(b)(6) analysis. To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 9(b) merely requires that certain claims be pleaded with more specificity. While Megalomedia claims that merely pleading three representations that comply with Rule 9(b) satisfies its burden to plead a plausible claim, it omits the fact that the facts pleaded must be sufficient to for the Court to draw the inference that Philadelphia is liable for anything.

Here, the three representations pleaded are of no consequence to any of Megalomedia's claims. The representations alleged in paragraph 21 and 22 concern Philadelphia's refusal to write coverage for Megalomedia for the reality TV show Cartel City. (Am. Countercl. ¶¶ 12-22, ECF No. 50.) However, Philadelphia stating that it would not write coverage for a television show and then not writing coverage for that television does not give rise to liability for any claim. For one, all of Megalomedia's claims require a <u>false</u> representation. *Id.* ¶¶ 53-89 (pleading fraudulent inducement and misrepresentation-based statutory claims). These representations are not false, as Megalomedia admits in its pleading. *Id.* ¶ 22. They have the same effect on Philadelphia's liability for the pleaded claims as if Megalomedia pleaded representations about the weather. Therefore, while these representations are pleaded with the specificity required under Rule 9(b), they do not survive the substance of Philadelphia's Rule 12(b)(6) challenge.

The same is true for the only other specific representation alleged, which is a statement by Stalnaker that Philadelphia was "okay" with the other productions as they existed in 2011. (Am. Countercl. ¶ 22.) Even if this statement meant that any potential claim involving any show that existed at the time would be covered by the Philadelphia policies, it does not make Megalomedia's claims plausible because Megalomedia cannot have relied on it for the next nine years. *See Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003) ("However, a fraud plaintiff 'cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.'") (quoting *Field v. Mans*, 516 U.S. 59, 70-71 (1995).) Not only did Megalomedia have an opportunity to make a cursory examination of the policy, it had an affirmative duty to read it. *E.g., Morris Cty. Nat. Bank*, 254 F.3d at 541. Megalomedia was on notice of the policy's unambiguous reality TV show exclusion

the date it was added to the policy in June 2011.[9] Whatever Megalomedia claims it thought Stalnaker's representation meant when it was made in June 2011, it knew from that moment that the policy unambiguously excluded damage arising from reality TV shows.

Further, Megalomedia has not identified any damages caused by any of the representations it has pleaded. As discussed above, the idea that Philadelphia has admitted that it never issued policies that covered Megalomedia's liability arising out of any production is false. The only claim that Megalomedia has ever reported to Philadelphia with respect to any of the policies going back to 2010 are the claims related to My 600-Pound Life. The damages Megalomedia claims are premiums paid for the policies it received.[10] However, Megalomedia never alleges that it did not receive the coverage it paid for — only that there could have been a claim that was not covered that it thought would have been covered if it had been made. This is not a compensable injury.

## VI. Many of the Allegations Do Not Relate to Cognizable Claims

Finally, Megalomedia's Response puts great weight on Philadelphia's alleged behavior that does not constitute a legally cognizable claim. A claimant must present a legally cognizable claim to survive a Rule 12(b)(6) Motion to Dismiss. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014); *see Twombly*, 550 U.S. at 555. One such allegation is that Philadelphia had no standardized methodology for reviewing Megalomedia's productions. (Am. Countercl. ¶ 47.) However, Philadelphia has no legal duty to do so, and Megalomedia has not cited any authority that it does. The only duties owed to Megalomedia are the *Stowers* duty to accept reasonable

---

[9] Moreover, "where the damages claimed are (as here) economic loss to the subject of the contract itself, the remedy ordinarily is one of contract alone." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011). The only damages claimed by Megalomedia is the loss of policy benefits it thought it received but did not because of the unambiguous reality TV exclusion. Therefore, it cannot for fraud.

[10] Under Texas law, the premiums, even if tied to a legally cognizable claim, do not constitute an "independent injury." *See Byrd v. Liberty Ins. Corp.*, No. 5:17-CV-209, 2018 WL 7021591, at *5 (S.D. Tex. Nov. 29, 2018), *rpt. & rec. adopted*, 2019 WL 184096 (Jan. 14, 2019).

settlement demands and its contractual duties. *Pride Transp. v. Cont'l Cas. Co.*, 511 F. App'x 347, 350 (5th Cir. 2013). Megalomedia has brought no statutory cause of action that would cover this imaginary duty. Thus, even if this were true, it cannot form the basis of any legally cognizable claim. The same is true for the allegation that Philadelphia never prospectively told Megalomedia what was and wasn't covered under the policy after the reality TV show exclusion was added. (Am. Countercl. ¶¶ 59-61.) In Texas, "an insurer does not have a duty to explain terms or coverage included in an insurance application or contract."[11] Likewise, the idea that Philadelphia made misrepresentations to Megalomedia each time it renewed the policy cannot form the basis of a claim. (Am. Countercl. ¶ 32, 71, 84, ECF No. 50; *see* Resp. 15-16, ECF No. 52.) Megalomedia admits that it received the reality TV exclusion in June 2011 and renewed the policies each year regardless. (Am. Countercl. ¶ 24.) Even if Philadelphia's renewals of the policy constituted a representation, Megalomedia cannot have relied on it, given its duty to read the policy.

## VII.   CONCLUSION & PRAYER

In sum, Megalomedia has failed to address the century-old elephant in the room: that it had a duty to read the policy in June 2011, when it admits on the face of its pleading that it received the reality TV exclusion. Megalomedia has offered no factual or legal reason that the Court should not apply this longstanding tenet of Texas law. For this, and the other reasons discussed above and in Philadelphia's Motion (ECF No. 51) the Court should dismiss the counterclaims with prejudice.

WHEREFORE, Philadelphia prays that the Court grant this Motion, dismiss Defendant's counterclaims with prejudice, and grant Philadelphia any further relief to which it is entitled.

---

[11] *Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 391 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *accord Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker*, 246 S.W.3d 603, 608 (Tex. 2008); *see Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 744, 745 (S.D. Tex. 1998); *Pickens v. Tex. Farm Bureau Ins. Cos.*, 836 S.W.2d 803, 805 (Tex. App.—Amarillo 1992, no writ); *Nwaigwe v. Prudential Prop. & Cas. Ins. Co.*, 27 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, pet. denied).

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
MattR@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile:  214-665-0199
**ATTORNEYS FOR PLAINTIFF
PHILADELPHIA INDEMNITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi