**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MEGALOMEDIA, INC., et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-01644** |
| | § | |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PHILADELPHIA'S APPLICATION FOR COSTS**

Defendant Philadelphia Indemnity Insurance Company files this application for costs and shows as follows:

On October 20, 2023, the Court entered final judgment and awarded Philadelphia its taxable costs from Plaintiff Megalomedia, Inc. (Final Judgment 1, ECF No. 127.) Pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, Philadelphia seeks $24,129.67 in taxable costs. In support, Philadelphia submits the Bill of Costs and supporting documentation attached hereto as Exhibit 1.

Section 1920 provides, in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

The costs sought by Philadelphia are taxable under Section 1920.

Philadelphia seeks its filing fee, as this matter was filed by Philadelphia as a declaratory judgment action regarding its duty to defend, which is part of the Final Judgment. 28 U.S.C. §

1920(1); *Dickerson v. Comm'r of Soc. Sec.*, No. 4:18-CV-4578, 2020 WL 13597595, at *3 (S.D. Tex. June 23, 2020) (awarding filing fees as taxable costs under Section 1920).

Philadelphia also seeks $5,527.20 in transcripts necessarily obtained for use in the case. *See* 28 U.S.C. 1920 (2); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). This cost includes $2,000 for the trial transcript. Ex. 1, at 3. It also includes the costs of deposition transcripts for Doug Killeen, Philadelphia's corporate representative who Megalomedia deposed; Nancy Allen, an employee of Philadelphia who Megalomedia also deposed; Jason McKinley, Megalomedia's broker and a fact witness; and Toni Westberry, Megalomedia's corporate representative. Mr. Killeen was present for the entire trial and was available to be called as a witness by either Plaintiffs or Philadelphia. Ms. Westberry and Mr. McKinley testified at trial. The invoices for these deposition transcripts are attached hereto. Ex. 1, at 4-9.

Philadelphia seeks $14,826.33 in costs for printing and photocopying materials necessarily obtained for use in the case. While this amount is significant, Megalomedia's claims in this action involved 10 years of commercial package policies, all of which were exhibits admitted at trial. Further, Megalomedia's claims also implicated communications between the Parties or their agents that occurred from 2011 to 2019. (*E.g.*, Findings of Fact and Conclusions of Law ¶ 26, ECF No. 125.)[1] Therefore, the printed materials necessary for trial for this matter was unusually voluminous. The pertinent invoices for copying costs are attached hereto. Ex. 1, at 10-14.

Philadelphia seeks $978.85 in costs — identified as "other costs" on the Bill of Costs — related to deposition on written questions served on third parties. *Russell v. Hall*, No. 3:19-CV-874-S, 2020 WL 9848765, at *8 (N.D. Tex. Dec. 4, 2020), (awarding costs for DWQs under

[1] "Each year from 2011 to 2019, Philadelphia Indemnity offered to renew the Policy and sent Megalomedia an insurance proposal that contained the CG2153 reality TV exclusion, and Megalomedia accepted it each time."

Section 1920) *rpt. & rec. adopted*, 2021 WL 2226490 (N.D. Tex. June 2, 2021). These DWQs were sent to parties related to the network insurance policies issued to Megalomedia by third parties. These were a necessary component of Philadelphia's defenses in this matter and were cited in the Court's findings of fact. (ECF No. 125 ¶¶ 37-40.) The invoice for these DWQs are attached hereto. Ex. 1, at 15-23.

Finally, Philadelphia seeks $2,399.96 in fees related to witnesses. Fees for witness travel expenses, hotel, and meals are taxable under Section 1920. 28 U.S.C. § 1821(c)(4) ("All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title."); *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 979-80 (S.D. Tex. 2011) (awarding travel, hotel, and meal expenses under Section 1920). However, hotel and meal expenses are limited to the maximum per diem rate of federal government employees. § 1821(d); *Baisden*, 793 F. Supp. 2d at 982. Thus, Philadelphia seeks costs for witnesses at the allowable rate. The rate for lodging in Houston, Texas in February 2023 is $122 per night.[2] The per diem for meals and incidentals is $69 for a full day and $51.75 for the first and last day of travel. *Id.* The amounts in the attached Bill of Costs for each witness represent the per diem for the corresponding number of days each witness was traveling or in Houston for trial. For example, Jennifer Costantini stayed in Houston for two nights, with a day of travel on either side. Therefore, her hotel per diem is $122 each for two nights, one day at the full meals and incidentals per diem of $69, and two days at the travel meals and incidentals per diem of $51.75. This totals $416.50. Ex. 1, at 2. Each witness's costs are calculated similarly based on the number of days they were in

[2] *FY 2023 Per Diem Rates for Houston, Texas*, U.S. GENERAL SERVS. ADMIN., (Oct. 14, 2022), https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2023&state=TX&city=Houston

Houston and traveling.[3] *Id.* Additionally, Philadelphia seeks $733.96 in airfare for Doug Killeen, its corporate representative and potential witness. *See Baisden*, 793 F. Supp. 2d at 982 (awarding witness airfare under Section 1920). This amount is identified in the bill of costs under the mileage column, and the receipts for this airfare is attached hereto. Ex. 1, at 35-38.

WHEREFORE, Philadelphia prays that the Clerk of the Court tax Plaintiff Megalomedia, Inc. $24,129.67 in costs, and grant Philadelphia any further relief to which it is entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*

Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
MattR@tbmmlaw.com
Grant P. Martin
Texas Bar No. 24102146
Southern District Bar No. 3688133
GrantM@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:214-665-0100
Facsimile: 214-665-0199
**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

[3] The hotel invoice for each witness is attached hereto. (Ex. 1, at 24-34.) The hotel charges exceed the daily per diem, but Philadelphia seeks only the per diem.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, a true and correct copy of the foregoing, including all attachments, was served in accordance with the Federal Rules of Civil Procedure on all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi