UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEGALOMEDIA, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>V.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:20-cv-01644 |

**PLAINTIFF MEGALOMEDIA'S OBJECTIONS TO DEFENDANT PHILADELPHIA'S APPLICATION FOR COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2, Plaintiff Megalomedia, Inc. ("Megalomedia") respectfully submits the following objections to Defendant Philadelphia Indemnity Insurance Company's ("Philadelphia") Application for Costs (Dkt. 128).

## I. Relevant Legal Standards

The trial court has discretion to award Rule 54(d) costs to a prevailing party and enjoys great latitude in choosing whether an award of costs is warranted. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) ("The trial court has wide discretion with regard to the costs in a case and may order each party to bear his own costs.'"). A prevailing party may recover costs, provided it demonstrates the costs were necessarily incurred for use in the case. *See, e.g., Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, No. 3:03-CV-0887-P, 2007 WL 9711536, at *2 (N.D. Tex. Jan. 23, 2007); *Fogelman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). Courts "certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings," but courts do "require some demonstration that reproduction costs necessarily result

4858-8358-5935

from that litigation." *Id.* "The prevailing party is not entitled to recover costs for multiple copies of documents, attorney correspondence, or other copies made in a case that are not necessary for use in the case." *Op Art., Inc.*, 2007 WL 9711536, at *2; *see also* 28 U.S.C. §§ 1920(2), (4). The prevailing party seeking to recover costs bears the burden of proving the amount of the costs and their necessity. *See, e.g.*, *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation."); *Melchoir v. Hilite Int'l, Inc.*, No. 3:11-CV-3094-M(BH), 2018 WL 1055558, at *2 (N.D. Tex. Jan. 30, 2018).

## II. Argument

With these legal standards in mind, Megalomedia objects to certain costs contained in Philadelphia's Application.

### A. Objection to Transcripts

First, Megalomedia objects to the taxation of costs for fees associated with the deposition of Doug Killeen. This witness did not testify at trial and therefore this deposition was not "necessarily obtained" for the trial. Megalomedia requests a reduction in this fee of $582.50 in connection with these costs. (*See* Dkt. 128-1, at 4.)

Next, Megalomedia objects to the cost of obtaining an expedited trial transcript. (*See* Dkt. 128-1, at 3.) Expedited trial transcripts are generally "not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *see also Meier v. UHS of Delaware, Inc.*, No. 4:18-CV-615, 2023 WL 7164909, at *8 (E.D. Tex. Oct. 31, 2023) ("Where there is no information regarding the necessity of the transcripts other than the requesting party's conclusory arguments, such fees for expedited transcripts are not allowable as costs.").

Philadelphia has offered no evidence as to why an expedited trial transcript was necessary in this case, nor has Philadelphia identified the additional cost of obtaining the transcript on an expedited basis. As such, Philadelphia is not entitled to costs for the expedited trial transcript. *See, e.g.*, *Meier*, 2023 WL 7164909, at *8.

B. Objection for Costs of Printing and Photocopying Materials

Megalomedia next objects to fees relating to photocopying and printing materials. Philadelphia here seeks over *$14,000* in costs associated with these fees. Philadelphia essentially argues that because its exhibits are "unusually voluminous," these fees are justified. On close inspection of the invoices, the fees associated with these charges do not withstand scrutiny.

For example, there is delivery charge for "2 day Expedite" for a "B&W Blowback" reproduction job from a company in Denver, Colorado, but it is unclear why Philadelphia sought expedited copies of these unknown documents in Denver nearly one and a half years before the bench trial in this matter. (Dkt. 128-1, at 11.) Philadelphia also includes a receipt for $151 for copying that took place in Florida. (Dkt. 128-1, at 12.) Thus it appears that the copies were made for counsel's convenience, not because they were necessarily obtained by Philadelphia for use in this case. Therefore, these costs should not be taxed against Megalomedia. *See, e.g.*, *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) ("Although the cost of 'copies of papers necessarily obtained for use in the case' are recoverable under 28 U.S.C. § 1920(4), we agree with the district court that the $27.90 spent to copy court filings was not recoverable under this section. 'The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court . . . .' The section thus does not encompass Stone's copying of court filings for its own use." (internal citations omitted)); *accord Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-00662-O, 2019 WL 162885, at *6 (N.D. Tex. Jan. 9, 2019) ("The documentation

provided by Defendants is sufficient to justify the claimed expenses because it shows that the copies 'were necessarily obtained by [Defendants] for use in the case and were not made for [Defendants'] counsel's convenience.").

Similarly, Philadelphia includes an invoice showing costs of copying 55,800 pages for a "24 Hour Overnight RUSH service" in the amount of $9,966.58. (Dkt. 128-1, at 14.) Given the lead time before this bench trial (Exhibit lists were due on February 3, 2023, and the trial started eighteen days later on February 21, 2023), Philadelphia has failed to justify these expedited costs as necessary. Megalomedia also objects to the costs for unspecified reproduction jobs for unknown "blowbacks" in the absence of any showing that these copies were necessarily obtained for the trial in this matter. (Dkt. 128-1, at 10–11.)

Because Philadelphia has failed to meet its burden of establishing that these costs were "reasonably necessary" for its case, Megalomedia submits that all of these costs should be rejected from the Application.

C. <u>Objection to "Other Costs"</u>

Megalomedia objects to taxation for "other costs" which relate to the deposition on written questions ("DWQ").

As to DWQs issued to AON and Great Divide, the Court excluded that evidence from trial. (*See* Megalomedia's Mot. to Exclude Evidence, Dkt. 96; Feb. 17, 2023 Docket Call Tr. 18:24–19:1 ("[T]hose documents that were the subject of a subpoena that went out and that were not turned over by the receiving party will not be allowed in this trial."). Therefore, Megalomedia should not be taxed these costs.

Furthermore, as to Philadelphia's request for fees in connection with all of its DWQs, Megalomedia objects because generally the costs for a private process server are not recoverable.

Each of these invoices reflect that "Written Deposition Service" charged Philadelphia for a "subpoena fee/written questions" and an "atty notification fee." (Dkt. 128-1, at 15–23.) But Section 1920(1) allows for recovery of only those fees charged by the "clerk" or "marshal" and not a private server. Thus, the Fifth Circuit has held that outside of "exceptional" circumstances, the costs of a private process server are not recoverable. *Zastrow v. Houston Auto M. Imports Greenway*, Ltd., 695 Fed. App'x 774, 780 (5th Cir. 2017).

To the extent that Philadelphia cites other courts who have granted fees for third party discovery, the Court should reject that authority. *See Royall v. Enterprise Products Co.*, No. 3:19-CV-92, 2021 WL 4198400, at *7 (S.D. Tex. Mar. 17, 2021) (noting that while "some courts in this district have concluded that fees for subpoenas and depositions on written questions to third parties are recoverable under § 1920(4), those that also allowed the recovery of private-process-service fees arguably run afoul of the Fifth Circuit's rule taxing such fees only under exceptional circumstances.") For some of the DWQs, Philadelphia seeks to recover fees for "overnight" charges (*see* Dkt. 128-1, at 21) as well as "hand service" by a process server. These fees are clearly not taxable under Section 1920. Accordingly, Megalomedia requests that all of these "other costs" be eliminated from the bill of costs.

D. Objection to Witness Fees

Finally, Megalomedia objects to witness fees associated with Doug Killeen, who did not testify at trial. *See, e.g., Lear Siegler Services v. Ensil Intern. Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *3 (W.D. Tex. June 23, 2010) ("The Court declines to award costs for witnesses who did not testify at trial.") As noted above, Killeen was not listed on Megalomedia's trial witness lists. (*See* Dkt. No. 89.) And Philadelphia ultimately chose not to call Killeen at trial. "Although courts do not ordinarily allow fees for witnesses who have not testified at trial, a court may award

such a fee if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary." *Nissho–Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) (citations omitted). Here, there are no extraordinary circumstances that rendered Mr. Killeen's testimony unnecessary; instead, Philadelphia simply chose not to call him to testify. These costs for an unnecessary witness should not be taxed against Megalomedia.

## III. Conclusion

For the reasons stated above, Philadelphia's Application should be rejected, and, at most, Megalomedia should be taxed fees only as follows:

| Cost | Amount |
|---|---|
| Fees of the Clerk | $400.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case. | $2,943.70 |
| Fees for witnesses | $1,058.50 |
| **Total** | **$4,402.20** |

Respectfully submitted,

By: */s/Santosh Aravind*

Steve McConnico (attorney-in-charge)
smcconnico@scottdoug.com
Texas Bar No. 13450300
S.D. Texas No. 2879
Santosh Aravind
saravind@scottdoug.com
Texas Bar No. 24095052
S.D. Texas No. 2887372
Anthony Arguijo
aarguijo@scottdoug.com
Texas Bar No. 24079781
S.D. Texas No. 2147699
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300
(512) 495-6399 Fax
ATTORNEYS FOR MEGALOMEDIA

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by ECF on November 10, 2023:

Stephen A. Melendi
Matthew Rigney
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199
stephenm@tbmmlaw.com
mattr@tbmmlaw.com

ATTORNEYS FOR PHILADELPHIA

*/s/Santosh Aravind*
Santosh Aravind



4858-8358-5935