United States Courts
Southern District of Texas
FILED
September 20, 2024
Nathan Ochsner, Clerk of Court

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 20, 2024
Lyle W. Cayce
Clerk

No. 23-20570

---

MEGALOMEDIA INCORPORATED; MEGALOMEDIA STUDIOS, L.L.C.; MANSFIELD FILMS, L.L.C.; DBA HOLDINGS, L.L.C.,

*Plaintiffs—Appellants,*

*versus*

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1644

---

## PUBLISHED ORDER

Before HO, DUNCAN, and OLDHAM, *Circuit Judges.*

ANDREW S. OLDHAM, *Circuit Judge:*

This is yet another case presenting an evergreen problem in our circuit: The parties failed to establish the citizenship of limited liability companies in a diversity case under 28 U.S.C. § 1332. We therefore remand for jurisdictional discovery.

\*

Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") brought this action against Megalomedia Inc., Megalomedia Studios, LLC, Mansfield Films, LLC, and DBA Holdings, LLC (the "Megalomedia entities") in federal court. Philadelphia Indemnity sought a declaratory judgment that it had no duty to defend or indemnify the Megalomedia entities. The Megalomedia entities counterclaimed for breach of contract and various torts. The contractual claims were resolved on summary judgment, and the tort claims were resolved after a bench trial.

The claimed basis of subject matter jurisdiction over the case was diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction is proper only if there is complete diversity of citizenship among the parties. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). This means "[e]ach plaintiff must be diverse from each defendant." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam).

We have repeatedly held that the citizenship of an LLC is determined by the citizenship of its members. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Acadian Diagnostic Lab'ys, LLC v. Quality Toxicology, LLC*, 965 F.3d 404, 408 n.1 (5th Cir. 2020). At the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each LLC's members. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that standing "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation"). At the summary judgment stage, that party must provide evidence sufficient to support a jury finding of the citizenship of each LLC's members. *See ibid.* And at trial, that party must prove the citizenship

of each LLC's members. *See ibid.* The parties cannot stipulate to diversity jurisdiction, just as they cannot stipulate to any other form of subject matter jurisdiction. *E.g., J.A. Masters Invs. v. Beltramini,* --- F.4th ---, No. 23-20292, 2024 WL 4115280, at *1 (5th Cir. Sept. 9, 2024) (per curiam) (diversity stipulations insufficient); *see also Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . .").

Here, the complaints alleged only where the LLC parties were "doing business" and had their "principal place of business." The latter allegation is relevant to the citizenship of a corporation, *see* 28 U.S.C. § 1332(c)(1), but neither allegation is relevant to an LLC's citizenship. We can amend defective jurisdictional allegations on appeal under 28 U.S.C. § 1653, but only if there is record evidence establishing the necessary jurisdictional facts. *See MidCap,* 929 F.3d at 314. This case had already proceeded to trial, so we requested the parties to file a letter brief identifying record evidence proving the citizenship of the LLCs' members. The parties' joint letter admitted there is no such evidence. We thus cannot proceed to the merits. *See Beltramini,* 2024 WL 4115280, at *1.

*

The case is REMANDED for jurisdictional discovery. This panel will retain jurisdiction pending any further appeal.

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 20, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 23-20570    Megalomedia v. Philadelphia Indemnity
                           USDC No. 4:20-CV-1644

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

*/s/ Melissa Mattingly*

By: _____
Melissa V. Mattingly, Deputy Clerk
504-310-7719

Mr. Santosh Shankaran Aravind
Mr. Anthony Frank Arguijo
Mr. Charles Thomas Frazier Jr.
Mr. Grant Perry Martin
Mr. Stephen E. McConnico
Mr. Stephen Andrew Melendi
Mr. Nathan Ochsner
Mr. Matthew Rigney
Ms. Jane Webre